# In the United States Court of Federal Claims

| | |
|---|---|
| WAYNE TATUM, | |
| Plaintiff, | No. 21-cv-1787 |
| v. | Filed: March 7, 2022 |
| THE UNITED STATES, | |
| Defendant. | |

**ORDER**

Plaintiff Wayne Tatum, appearing *pro se*, alleges various claims for equitable and monetary relief related to his discharge from the United States Marine Corps (Marine Corps). Complaint (ECF No. 1) (Compl.) ¶ 15. Presently before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (Rule(s)) arguing that (1) this Court lacks jurisdiction because this action was filed after the statute of limitations expired and the claims were not tolled during the administrative review of Plaintiff's military discharge, and (2) res judicata bars Plaintiff from invoking this Court's jurisdiction given the U.S. Court of Federal Claims has already dismissed Plaintiff's two previous complaints involving the same circumstances on Rule 12(b)(1) grounds. *See generally* Defendant's Motion to Dismiss (ECF No. 8) (Mot.). For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

BACKGROUND

I.    Plaintiff's Military Discharge.

Plaintiff served in the Marine Corps from November 3, 1970, until his discharge on December 2, 1993.[1]  Compl. ¶¶ 10, 12.  By 1987, Plaintiff had obtained the rank of Staff Sergeant.  *Id.* ¶ 12(a).

On July 21, 1990, a General Court-Martial convicted Plaintiff of falsifying documents to receive pay allowances for dependent support, and of failure to support his dependents.  *Id.* ¶ 12(d).  His sentence, which the Convening Authority later approved, included a bad conduct discharge.  *Id.*  This reduced Plaintiff's paygrade from Staff Sergeant to Private.  *Id.*  The Navy Clemency and Parole Board (Clemency Board) reviewed the General Court-Martial decision in late 1991; the Clemency Board found it appropriate to remit the bad conduct discharge and recommended restoration of Plaintiff's previous paygrade.  *Id.* ¶ 12(g).  Plaintiff's command moved for reconsideration, and in early 1992 the Clemency Board reviewed the General Court-Martial decision for a second time.  *Id.* ¶ 5.  The Clemency Board again remitted the bad conduct discharge and recommended restoration of Plaintiff's previous paygrade.  *Id.* ¶¶ 5, 12(g).  On April 27, 1992, two months after the second Clemency Board review, the Navy-Marine Corps Court of Criminal Review (NMCMR) set aside the General-Court Marital sentence and restored Plaintiff's rank and paygrade to Staff Sergeant.  *Id.* ¶ 12(h).

On April 27, 1992, a second General Court-Martial arraigned Plaintiff for making two false travel claims in September and October 1991.  *Id.*  Less than two months later, Plaintiff was convicted and sentenced to a bad conduct discharge, four months confinement, forfeiture of $500 per month for four months, and a reduction in paygrade to Private.  *Id.*  The Convening Authority

---

[1] Plaintiff had a brief break in service from November to December 1972.  Compl. ¶ 10.

approved all but the bad conduct discharge. *Id.* The NMCMR, however, approved the entire sentence, including the bad conduct discharge. *Id.* ¶ 12(l). Plaintiff was discharged from the Marine Corps on December 2, 1993. *Id.*

Subsequently, Plaintiff petitioned the Board for Correction of Naval Records (Correction Board or BCNR), seeking correction of his discharge records. *Id.* ¶ 5. He argued that when the Clemency Board issued its initial decision in 1991, recommending against the sentence issued by the first General-Court Martial, he should have been notified of the Clemency Board's recommendation, restored to active-duty status, and allowed to retire immediately. *Id.* ¶ 6. Plaintiff alleges that he was not notified of the 1991 Clemency Board recommendation until after his second General-Court Martial. *Id.* Accordingly, he argues he was deprived of an opportunity to honorably discharge from the Marine Corps during the time between the Clemency Board's 1991 recommendation and his second conviction. *Id.* After review, the Correction Board denied Plaintiff's clemency petition and denied his request for reconsideration on September 24, 2019, after waiving the statute of limitations. *See* Exhibit A of Mot. (ECF No. 8-1) at 1 (BCNR Advisory Opinion).

II.  Plaintiff's Previous Court of Federal Claims Filings.

This case is Plaintiff's third action filed in the U.S. Court of Federal Claims. Plaintiff first filed a complaint in the Court of Federal Claims on July 2, 2002, seeking monetary and injunctive relief to correct his military record and an award of back pay, military benefits, and attorneys' fees. *See Tatum v. United States*, No. 02-760C (Fed. Cl. Oct. 7, 2003) (*Tatum I*). The Court dismissed the complaint as time-barred by the statute of limitations. *Id.*

On August 2, 2010, Plaintiff filed a second complaint in the U.S. Court of Federal Claims, requesting similar relief: (1) rescission of his bad conduct discharge effective November 21, 1991,

(2) correction of his military records to reflect his honorable service from November 1970 to November 1991, (3) restoration of his military retirement benefits, and (4) an award of back pay and attorneys' fees. *See Tatum v. United States*, No. 10-510C, 2011 U.S. Claims LEXIS 1159, at *2 (Fed. Cl. Jun. 27, 2011) (*Tatum II*). The Court again dismissed Plaintiff's complaint for lack of jurisdiction, as it was filed outside the six-year statute of limitations, and the U.S. Court of Appeals for the Federal Circuit subsequently affirmed the dismissal. *Id.* at *5; *Tatum v. United States*, 463 F. App'x. 920, 921 (Fed. Cir. 2012).

Plaintiff filed the present action on August 31, 2021, seeking injunctive and monetary relief. Compl. ¶ 15. Plaintiff requests (1) military retirement pay for his 22 years and 11 months of service in the Marine Corps at "the highest paygrade or rank obtained during the entire period of retirement eligibility to date"; (2) an order directing the Marine Corps to remove "any reference of any Court Martial proceedings from [his] medical records and, otherwise, in a manner consistent with this decision"; and (3) an order enjoining the Marine Corps from "withholding [his] rank, retirement[,] and pay in excess of $10,000.00 (U.S. Currency) in any manner contrary to law." *Id.* Defendant timely filed a Motion to Dismiss on November 3, 2021, arguing that this Court must dismiss Plaintiff's complaint for lack of subject matter jurisdiction. *See* Mot. Plaintiff did not respond to Defendant's motion.

## APPLICABLE LEGAL STANDARD

Pursuant to Rule 12(b)(1) and 12(h)(3), this Court must dismiss claims outside its subject matter jurisdiction. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Tucker Act, which acts as a waiver of sovereign immunity, provides this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive

4

department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983). For this Court to have jurisdiction under the Tucker Act, "[a] claim . . . must be filed within six years of its accrual date." *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006) (citing 28 U.S.C. § 2501).

As with all other litigants, this Court must have jurisdiction over claims brought by *pro se* plaintiffs. *See Landreth*, 797 F. App'x 521- 23 (Fed. Cir. 2020) (per curiam); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Brewington v. United States*, No. 19-CV-611 C, 2020 WL 1818679, at *1 (Fed. Cl. Apr. 1, 2020), *aff'd*, No. 2020-1788, 2020 WL 6494841 (Fed. Cir. July 23, 2020). While this Court must liberally construe the filings of *pro se* plaintiffs, such plaintiffs still have the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Landreth v. United States*, 797 F. App'x at 523; *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (per curiam).

When considering a motion to dismiss based upon lack of subject matter jurisdiction, this Court accepts as true all uncontroverted factual allegations made by the non-movant and draws all reasonable inferences in the light most favorable to that party. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

Rule 8(c)(1) requires a party to advance any affirmative defense, including res judicata, in responding to a pleading. It is well-established that under the doctrine of res judicata a previous judgment on the merits bars a second lawsuit involving the same parties based on the same cause of action. *See Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979).

5

DISCUSSION

This Court lacks jurisdiction over Plaintiff's claims. Plaintiff's claims accrued more than six years ago, placing them outside of this Court's jurisdiction. Further, two other judges on the Court of Federal Claims reached the same conclusion when Plaintiff previously asserted these claims. Thus, even if this Court had jurisdiction over Plaintiff's claims — which it does not — res judicata would bar his claims. Accordingly, this Court must dismiss Plaintiff's complaint.

I. Plaintiff Filed His Claim Too Late for This Court to Exercise Subject Matter Jurisdiction.

Defendant first argues that this Court lacks subject matter jurisdiction because (i) Plaintiff filed the present action after the six-year statute of limitations expired, and (ii) his administrative appeal before the Correction Board did not toll the six-year period. Mot. at 5-6, 7-8. This Court agrees with Defendant and holds that the Court lacks jurisdiction over Plaintiff's claims.

Plaintiff filed this action outside the six-year statute of limitations window. 28 U.S.C. § 2501; *see Martinez v. United States*, 333 F.3d 1295, 1304 (Fed. Cir. 2003). A claim under the Tucker Act "accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez*, 333 F.3d at 1303. When a case arises out of a military discharge, "the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." *Id.* The claim accrues "all at once at the time of discharge," and "is not a 'continuing claim' that accrues each time a payment would be due throughout the period that the service member would have remained on active duty." *Id.* Thus, if a plaintiff does not file suit within six-years of his discharge, he loses all rights to sue for the "loss of pay stemming from the challenged discharge." *Id.* at 1304.

Here, Plaintiff discharged from the Marine Corps on December 2, 1993. Compl. ¶ 12(l). Plaintiff thus had until December 2, 1999, to file any claims related to his discharge — such as claims for correction of service records and discharge records, alteration of paygrade and rank,

and payment of backpay. *See* 28 U.S.C. § 2501. Plaintiff untimely filed his complaint on August 31, 2021, more than twenty-seven years after his discharge in 1993. Compl. ¶ 10.

Nevertheless, Plaintiff argues that this action is not time-barred because the Correction Board waived its statute of limitations and addressed the substance of his clemency petition in reviewing his motion for reconsideration on September 24, 2019. Compl. ¶ 8-9; *see* BCNR Advisory Opinion at 1. However, the decision of the Correction Board "to consider the merits of plaintiff's otherwise untimely claim has no bearing on the 6-year statute of limitations applicable to [Court of Federal Claims] actions." *Burton v. United States*, 22 Cl. Ct. 706, 710 (1991); *Holland v. United States*, No. 2021-1027, 2021 WL 3891106, at *2 (Fed. Cir. Sept. 1, 2021) (explaining that an administrative review board's "waiver of the limitations period governing petitions to the Board has no impact on the six-year statute of limitations applicable to the Claims Court"). Accordingly, Plaintiff's claims fall outside this Court's jurisdiction.

While a claim under the Tucker Act generally does not "accrue" until after the conclusion of mandatory administrative proceedings, Plaintiff's claim accrued prior to his appeal before the Correction Board. 28 U.S.C. § 2501; *Martinez*, 333 F.3d at 1304. As plaintiffs are not required to exhaust a permissive administrative remedy before filing suit under the Tucker Act, "a plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy." *Martinez*, 333 F.3d at 1304-12. Military correction boards, such as the Correction Board involved in this case, offer a permissive administrative remedy. *Id.* at 1304. Thus, Plaintiff's decision to exercise "his right to seek permissive administrative review of his claim" before the Correction Board did not extend the accrual date. *Id.* at 1312. Without such extension, Plaintiff's claim had to be filed within 6 years of his discharge in 1993. Compl. ¶ 12(l);

7

28 U.S.C. § 2501.  Plaintiff's failure to timely file his claims unequivocally places his complaint outside of this Court's subject matter jurisdiction.

II.     Res Judicata Bars Plaintiff's Claims.

Defendant further argues that res judicata precludes Plaintiff from invoking this Court's jurisdiction.  Mot. at 6.  This Court agrees given the previous Court of Federal Claims' decisions dismissing Plaintiff's similar suits in *Tatum I* and *Tatum II*.  *See Tatum II* at *1-2, 5 (referencing *Tatum I*).

Under the doctrine of res judicata, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."  *Parklane Hosiery Co.*, 439 U.S. at 326 n.5.  Res judicata bars a claim if "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first."  *Jet*, 223 F.3d at 1362.  It is well-established that this doctrine applies to jurisdictional determinations.  *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9 (1982).

Res judicata bars Plaintiff's current action.  First, the parties in the present action are identical to those in *Tatum I* and *Tatum II*: Mr. Tatum and the United States.  *Compare Tatum I*, *and Tatum II*, *with* Compl. ¶¶ 2-3.  Second, there was an earlier final judgment on the merits of Plaintiff's claims because the Court of Federal Claims dismissed two complaints containing Plaintiff's claims that are also asserted here.  *See Tatum II* at *1-2, 5.  Plaintiff had two opportunities to litigate whether his claims fall within the Court of Federal Claims' jurisdiction.  *See, e.g.*, *Tatum I*, ECF No. 15 (moving to dismiss Plaintiff's claims because they fell outside the court's six-year statute of limitations); *Tatum II*, ECF No. 10 (same).  Indeed, Plaintiff took the

8

opportunity to respond in *Tatum II*, arguing that his claim was not time-barred and res judicata was inapplicable. *See Tatum II*, ECF No. 14 at 12-13. The court soundly rejected Plaintiff's argument and held that it lacked jurisdiction. *See Tatum II* at *5.

Finally, Plaintiff's current claims involve the same transactional facts as those in *Tatum I* and *Tatum II*. All three suits concern Plaintiff's discharge from the Marine Corps on December 2, 1993. Compl. ¶ 12(l) (requesting a correction of military records, retirement pay, and back pay stemming from Plaintiff's December 2, 1993 discharge); *Tatum II* at *1-2 (describing Plaintiff's first lawsuit as "seeking correction of his military record, back pay, military benefits, and attorney's fees and costs" and his second lawsuit as "arising from the same set of facts"); *see also Heim v. United States*, 45 F. App'x 921, 924 (Fed. Cir. 2002) (holding that later complaint seeking, *inter alia*, the same relief of back-pay and correction of military records as earlier complaint involved the same transactional facts and was barred by claim preclusion). Thus, even ignoring this Court's independent conclusion that it lacks subject matter jurisdiction here, the doctrine of res judicata would still bar Plaintiff's claims.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED** pursuant to Rules 12(b)(1) and 12(h)(3), and Plaintiff's claims are **DISMISSED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

   s/ Eleni M. Roumel  
ELENI M. ROUMEL  
Judge